UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS J. BOLLEFER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C21-1605-RAJ

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff applies to proceed *in forma pauperis* in a lawsuit to enjoin the SSA from carrying out a continuing disability review of his current benefits until the agency has concluded its review of an earlier time period for which he was denied benefits in a case that the undersigned judge remanded for further administrative proceedings. Dkt. 1; *Bollefer v. Commissioner*, C19-1856-BAT (W.D. Wash., closed Sept. 10, 2021) [hereinafter "*Bollefer I*"]. The Court recommends **DENYING** plaintiff's IFP application and **DISMISSING** this matter with prejudice because no amendment to the proposed complaint can cure the defects that this action is frivolous and fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**BACKGROUND**

In August 2018, an ALJ determined that from the alleged onset date of disability on

REPORT AND RECOMMENDATION - 1

October 31, 2012, to before May 16, 2016, plaintiff was not disabled, but that beginning on May 16, 2016, the severity of his impairments met or medically equaled Listing 12.04 for affective disorders.[1] *Bollefer I*, Dkt. 11, at Tr. 20–31. In federal court, plaintiff subsequently appealed the adverse decision as to the 2012 to 2016 period of non-disability and was granted lengthy extensions of time to file briefing based on plaintiff's difficulties in accessing legal resources during the COVID-19 pandemic. *See Bollefer I*, Dkts. 27, 29, 32, 34, 36. In September 2021, the Court reversed and remanded for further administrative proceedings, noting that the parties acknowledged that the favorable determination that plaintiff was disabled as of May 16, 2016 remained undisturbed. *Bollefer I*, Dkt. 55.

Prior to bringing the current lawsuit [hereinafter "*Bollefer II*"], plaintiff sought the same injunctive relief sought here in the closed case of *Bollefer I*, i.e., to enjoin the Commissioner from carrying out a continuing disability review of his benefits. *Bollefer I*, Dkt. 57. There, as here, plaintiff cited as irreparable harm that he must respond to the continuing disability review even though *Bollefer I* was remanded and he has a limited time frame in which to seek EAJA attorney fees and costs in *Bollefer I. Compare Bollefer I*, Dkt. 57 *with Bollefer II*, Dkts. 1-1, 1-2. In *Bollefer I*, the Court denied injunctive relief and an extension of time to file for EAJA attorney fees and costs for two reasons. *Bollefer I*, Dkt. 58. First, his continuing disability, for which he was granted benefits, was not the subject of *Bollefer I.* Second, a *pro se* litigant may not seek EAJA attorney fees and a plaintiff proceeding *in forma pauperis* may not recover costs from the Commissioner under EAJA. *See Wade v. Kijakazi*, 14 F.4th 973, 976 (9th Cir. 2021) (holding that an *in forma pauperis* litigant may not recover costs from the Commissioner under EAJA);

---

[1] Effective January 17, 2017, Listing 12.04 is for depressive, bipolar and related disorders. 81 Fed. Reg. 66137–66178 (Sept. 26, 2016).

REPORT AND RECOMMENDATION - 2

*U.S. S.E.C. v. Chapman*, 602 Fed. App'x 407 (9th Cir. 2015) (denying *pro se* litigant attorney fees under EAJA); *Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006), *abrogated on other grounds by Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655 (9th Cir. 2020) ("*Kay* imposes a general rule that pro se litigants, attorneys or not, cannot recover statutory attorneys' fees."); *see also Kay v. Ehrler*, 499 U.S. 432, 438 (1991).

## DISCUSSION

The *in forma pauperis* statute provides that the Court shall dismiss a case at any time if the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. 1915(e)(2)(B) are not limited to prisoners"). Because plaintiff is appearing *pro se* in this action, the Court must construe the complaint liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that pleadings filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers"). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). Construing plaintiff's complaint liberally and in the light most favorable to him, the Court finds that plaintiff's case must be dismissed.

Generally, the United States and its agencies have sovereign immunity from suit unless

REPORT AND RECOMMENDATION - 3

1  Congress expressly waives immunity by statute. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475
2  (1994); *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Hodge v. Dalton*, 107
3  F.3d 705, 707 (9th Cir.1997). The Social Security Act waives sovereign immunity only for
4  limited judicial review of the Commissioner's "final decisions" made after a hearing. *See* 42
5  U.S.C. § 405(g), (h). Under Section 405(g), an individual may obtain judicial review of a "final
6  decision" by filing a civil action "within sixty days after the mailing to him of notice of such
7  decision." *See* 42 U.S.C. § 405(g). Section 405(h) bars all other claims brought under the Social
8  Security Act, including claims that are "inextricably intertwined" with a claim for Social
9  Security benefits or if the "substantive basis" of the claim is the Social Security Act. *See id.*;
10 *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984); *Shalala v. Illinois Council on Long Term Care,*
11 *Inc.*, 529 U.S. 1, 10 (2000) (noting that 405(h) bars federal question jurisdiction "where an
12 individual seeks a monetary benefit from the agency . . ., the agency denies the benefit, and the
13 individual challenges the lawfulness of that denial. . . . irrespective of whether the individual
14 challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal
15 grounds"); *Kaiser*, 347 F.3d at 1111–12 (finding Section 405(h) bars claim for damages based on
16 denial of benefits).
17         Here plaintiff does not challenge the Commissioner's final decision that granted him
18 benefits as of May 16, 2016. Rather, he seeks to enjoin the Commissioner from carrying out the
19 regulatory duty to "review [his] continuing eligibility for disability benefits at least once every 3
20 years." 20 C.F.R. § 404.1590 ("When and how often we will conduct a continuing disability
21 review."). The ALJ's favorable decision that awarded him benefits was dated in August 2018,
22 meaning that more than three years have passed and the SSA is required to review whether or not
23 plaintiff continues to be disabled. *See Bollefer I*, Dkt. 11, at Tr. 20–31. Plaintiff suggests that the

REPORT AND RECOMMENDATION - 4

timing of this review constitutes "bullying" because *Bollefer I* is no longer a final decision and because the review interferes with his ability to seek EAJA fees in *Bollefer I*. Dkt. 1-1, at 3–5. This is incorrect for two reasons. First, the remand in *Bollefer I* addresses the period between 2012 and 2016 in which he was denied benefits; the continuing disability review addresses whether he continues to meet the disability requirements after having been awarded benefits from May 16, 2016 onward. In other words, the outcome of the remand in *Bollefer I* has no bearing on the continuing disability review, which itself has yet to result in a final decision that may be challenged. Second, as discussed in *Bollefer I* with respect to plaintiff's motion for injunctive relief, a *pro se* litigant proceeding *in forma pauperis* is entitled neither to EAJA attorney fees nor to costs. *See Bollefer I*, Dkt. 58. Plaintiff does not, cannot, and should not challenge the favorable ALJ decision that awarded him benefits as of May 16, 2016. And in the absence of challenging a final decision, plaintiff cannot reasonably enjoin the Commissioner from carrying out a regulatory duty to confirm at three-year intervals that recipients of benefits continue to be disabled. 20 C.F.R. § 404.1590.

## CONCLUSION

The Court finds that plaintiff's complaint is frivolous and fails to state a claim on which relief may be granted, and that it is impossible to amend the complaint to fix its fatal flaws. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Court therefore recommends that plaintiff's IFP application be **DENIED** and that this matter be **DISMISSSED** with prejudice.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed no later than **December 20, 2021**, and the Clerk shall note the matter for consideration on the same day. Any objection shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 6th day of December, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6